# BARKER, GELFAND, JAMES & SARVAS

ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**Atlantic County Office:**
210 New Road
Linwood Greene – Suite 12
Linwood, New Jersey 08221
(609) 601-8677
(609) 601-8577 – Telefax

A. MICHAEL BARKER *
TODD J. GELFAND **
VANESSA E. JAMES **+
JEFFREY P. SARVAS

GREG DiLORENZO
ADAM E. BARKER

**Burlington County Office:**
1 Eves Drive, Suite 111
Marlton, New Jersey 08053
(609) 601-8677
(609) 601-8577 – Telefax
E-Mail:
TGelfand@BarkerLawFirm.net
*By Appointment Only*

**Gloucester County Office:**
91 Circle Avenue
Pitman, New Jersey 08071
(856) 244-1854
Email: VJames@BarkerLawFirm.net
*By Appointment Only*

\* CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
\*\* LICENSED TO PRACTICE IN PENNSYLVANIA
+ ASSOCIATION OF WORKPLACE
INVESTIGATORS – CERTIFICATE HOLDER

Website: www.barkerlawfirm.net
e-mail:  VJames@BarkerLawFirm.net

PLEASE REPLY TO
ATLANTIC COUNTY OFFICE

July 28, 2026

**(Via ECF)**
Honorable Edward S. Kiel, U.S.D.J.
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re:    Hexa Builders, LLC, et al. v. Mayor and Township Council of the Township
of Monroe, et al.; Civil Action No. 26-cv-08284-ESK-EAP
Request for Leave to Move Under Rule 12(b)(6)

Dear Judge Kiel:

Pursuant to the Court's Judicial Preferences, Defendants respectfully request leave to move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint.

Page 2
July 28, 2026

Re:    Hexa Builders, LLC, et al. v. Mayor and Township Council of the Township of Monroe, et al.;
Civil Action No. 26-cv-08284-ESK-EAP
_____

This is a local land-use dispute. Plaintiffs challenge the Township's land-use process, its ordinances concerning data centers, and the Planning Board's determination that Plaintiffs' amended application was incomplete. Recasting that dispute as claims under § 1983, the First and Fourteenth Amendments, and the Contracts Clause does not state a plausible federal claim.

**Federal and Regulatory Grounds**

**1. Equal Protection**. Counts One, Two, Three, and the equal-protection component of Count Twelve should be dismissed. Plaintiffs do not allege discrimination based on a suspect classification or burdening of a fundamental right. At most, they attempt a class-of-one theory, but do not identify a similarly situated applicant treated more favorably. Their proposed data-center use and amended application materially differ from the warehouse application offered as a comparator. In all events, the Complaint itself identifies rational bases for treating data centers as a distinct use: their energy and cooling demands, backup systems, utility infrastructure, noise and emissions, and compatibility with surrounding uses. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Highway Materials, Inc. v. Whitemarsh Township, 386 F. App'x 251, 258–60 (3d Cir. 2010).

**2. First Amendment**. Count Four and the First Amendment component of Count Twelve should be dismissed. The challenged ordinance regulates whether a physical data-center facility may be established or operated in the Township. It does not regulate the content of speech, a speaker, a message, or Plaintiffs' ability to engage in expressive activity. The fact that data centers support electronic communications does not transform a land-use regulation into a speech restriction.

**3. Substantive Due Process**. To the extent Count Twelve asserts substantive due process, the pleaded allegations—policy changes, public opposition, municipal ordinances, and a disputed completeness determination—fall far short of conscience-shocking conduct. They describe, at most, a conventional land-use dispute, not the extraordinary abuse of power required for a federal substantive-due-process claim. United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392, 399–402 (3d Cir. 2003); Eichenlaub v. Township of Indiana, 385 F.3d 274, 285–87 (3d Cir. 2004).

Page 3
July 28, 2026

Re:    Hexa Builders, LLC, et al. v. Mayor and Township Council of the Township of Monroe, et al.;
        Civil Action No. 26-cv-08284-ESK-EAP

_____

**4. Contract Clause**. Count Ten should be dismissed to the extent it asserts a federal Contract Clause claim. Plaintiffs do not identify an existing contract or contractual obligation substantially impaired by the challenged ordinance. An expectation of using property as a data center does not establish impairment of a contractual relationship. Nekrilov v. City of Jersey City, 45 F. 4th 662, 681–83 (3d Cir. 2022); Sveen v. Melin, 584 U.S. 811, 819–20 (2018).

**5. Certificate of Filing/Completeness**. Counts Three, Six, Nine, Twelve, Thirteen, Sixteen, and Nineteen should also be dismissed to the extent they premise liability on the Planning Board's refusal to deem Plaintiffs' amended application complete. Plaintiffs allege that they did not obtain a new Pinelands Certificate of Filing for the data-center application, but contend one was unnecessary because of an earlier warehouse application and a prior amendment to the regional development plan. N.J.A.C. 7:50-4.34(b), however, provides that no local permitting agency may determine an application for development complete unless it is accompanied by a Certificate of Filing. The Township's ordinance likewise requires a Certificate of Filing issued under N.J.A.C. 7:50-4.34 for major-development applications. Accordingly, the pleaded allegations do not support a claim based on the Board's incompleteness determination.

**State-Law Claims and Additional Grounds**

The state-law land-use claims are similarly deficient. The MLUL authorizes municipal action guiding the appropriate use and development of land to promote public health, safety, and general welfare. N.J.S.A. 40:55D-2(a). A municipality need not provide a location for every use and may anticipate and address the adverse effects of particular uses through reasonable zoning action. Vickers v. Township Committee of Gloucester Township, 37 N.J. 232, 247-49 (1962), overruled on other grounds, 92 N.J. 158 (1983). The Complaint does not plausibly allege that O:25-2026 draws an arbitrary distinction between data centers and materially similar permitted uses. Further, the Planning Board's completeness determination applied the standards set forth in N.J.S.A. 40:55D-10.3 and Township Code § 175-37, including the requirement that the application contain the plans, documents, and supporting information required by the Code or appropriate waiver requests.

Page 4
July 28, 2026

Re:    Hexa Builders, LLC, et al. v. Mayor and Township Council of the Township of Monroe, et al.;
       Civil Action No. 26-cv-08284-ESK-EAP

_____

Plaintiffs' remaining constitutional and equitable theories do not convert this land-use disagreement into a viable civil-rights action. No fundamental right is implicated by a proposed data-center use. A governing body may amend a zoning ordinance in response to objections to a proposed use, provided the amendment remains consistent with the MLUL. Manalapan Realty, L.P. v. Township Committee of Manalapan, 140 N.J. 366, 379 (1995). The Contract Clause claim fails because the Complaint does not identify a specific pre-existing contract between Plaintiffs and the Township that O:25-2026 substantially impaired. See General Motors Corp. v. Romein, 503 U.S. 181, 186 (1992). The square corners claims fail because the Complaint does not allege a governmental contract or facts showing that Defendants exploited a bargaining or litigational advantage over Plaintiffs. See F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426-27 (1985).

Defendants respectfully request leave to file a Rule 12(b)(6) motion seeking dismissal of Counts One through Four and Twelve; dismissal of Count Ten to the extent it asserts a federal Contract Clause claim; dismissal of Counts Three, Six, Nine, Twelve, Thirteen, Sixteen, and Nineteen to the extent they challenge the Planning Board's completeness determination notwithstanding the Certificate-of-Filing requirement; and such further dismissal relief as stated in the completed state-law section.

If the federal claims are dismissed, Defendants anticipate requesting that the Court decline supplemental jurisdiction over any remaining state-law claims under 28 U.S.C. § 1367(c). Defendants will not submit exhibits or a reply letter unless the Court directs otherwise.

Respectfully submitted,

**BARKER, GELFAND, JAMES & SARVAS**
**A Professional Corporation**

By:    *s/Todd Gelfand*
       Todd J. Gelfand, Esquire

TJG/kar
cc:  M. James Maley, Jr., Esquire (Via ECF)