# MALEY GIVENS

A PROFESSIONAL CORPORATION
*Counsellors at Law*
1150 Haddon Avenue
Suite 210
Collingswood, New Jersey 08108

M. James Maley Jr.*
Emily K. Givens
Erin E. Simone
M. Michael Maley*
Nicholas M. Ranieri*
Nathan Milholin*

*Admitted in PA & NJ

P  856.854.1515
F  856.858.2944

August 3, 2026

**(VIA ECF)**
Honorable Edward S. Kiel, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

> **Re:** **Hexa Builders, LLC, et al, v. Mayor and Township Council of the Township of Monroe, et al, Civil Action No.: 26-cv-08284-ESK-EAP**
> **Request for Leave to Move under 28 U.S.C. §1447(c)**

Dear Judge Kiel,

Pursuant to the Court's Judicial Preferences, Plaintiffs, Hexa Builders, LLC and 3040 Williamstown Urban Renewal, LLC (collectively "Plaintiffs"), respectfully request leave to file a Motion to remand the State law claims back to New Jersey State Court pursuant to 28 U.S.C. §1447(c). This letter would have been filed sooner; Plaintiffs had attempted to obtain Defendants' consent for the same, but Defendants did not consent to our request for a partial remand.

### Grounds for Remand

Both parties agree that this case is predominately a local land use dispute. (See July 28, 2026 letter filed by Defendants). Originally, Plaintiff filed this

MALEY GIVENS

A PROFESSIONAL CORPORATION

case in State Court under New Jersey Court Rule 4:69-1 which authorizes the filing of an action In Lieu of Prerogative Writ in the Law Division of the Superior Court of New Jersey. On July 6, 2026, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1441, which authorizes a defendant to remove a civil action originally brought in State Court to Federal Court if the matter could have originally been filed in Federal Court.

Under 28 U.S.C. §1447(c), a party is permitted to file a Motion to Remand if it is brought within 30 days of the filing of the Notice of Removal. "'[T]he burden is on the removing party to establish federal jurisdiction.'" Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (citation omitted). "'The removal statute should be strictly construed and all doubts resolved **in favor of remand**.'" Id. (internal quotation marks and citations omitted).

Although this case does present some claims that arise under the U.S. Constitution, only 6 out of 20 of the total counts in Plaintiffs' case arise under Federal Laws and/or the Federal Constitution. The balance of the claims are exclusively State Law and State Constitutional Claims. Essentially, only 1/3 of all of the claims in the Complaint are Federal claims.

A Federal Court is authorized to exercise supplemental jurisdiction over state law claims under 28 U.S.C. §1367(a), unless an exception to such jurisdiction is set forth in 28 U.S.C. §1367(b) or (c). Supplemental Jurisdiction should be declined if: "(1) the claim raises a novel or complex issue of State law, (2) the [State Law] claim substantially predominates over the claim or claims over which the court has original jurisdiction, … or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, the State Claims predominate over the Federal Claims, not simply in number but in substance. This is evident from the fact that two-thirds of the claims that arise are exclusively under State Law and the State Constitution. As Defendants have admitted, this case is essentially a local land use case that arises under the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq. This alone qualifies as a basis

MALEY GIVENS
A PROFESSIONAL CORPORATION

to deny jurisdiction under 28 U.S.C. §1367(c)(2). Dirauf v. Berger, 57 F.4th 101, 106 (3d Cir. 2022).

In addition, 28 U.S.C. §1367(c)(4) authorizes remand when there are other compelling circumstances. The majority of the State Law claims relate to violations of the Municipal Land Use Law, including but not limited to failure to comply with requirements for determining completeness of an application and failure to ensure compliance of ordinances with the municipal master plan, including Counts 5, 11, and 14 to 19. These counts implicate important State interests.

"[O]ne of the purposes for the enactment of the MLUL was the Legislature's intention to create 'statewide uniformity of process and practices in the areas of zoning and land use.'" Northgate Condo. Ass'n v. Borough of Hillsdale Planning Bd., 214 N.J. 120, 137, 68 A.3d 292, 302  (2013). As a result, the provisions of the MLUL are required to be " applied strictly." Id. State Courts are in the best position to apply these principles. This is because traditionally the "writ of certiorari" has traditionally been available to "'afford judicial review of administrative agency decisions in general and municipal ordinances in particular.'" Alexander's Dep't Stores v. Paramus, 125 N.J. 100, 107-08, 592 A.2d 1168, 1171 (1991). Eventually, the writ of certiorari became consolidated with all of the other writs available in New Jersey and the New Jersey Constitution, Art. VI, §V, ¶4 gave exclusive authority to review writs with the New Jersey Superior Court. Alexander's Dep't Stores, 125 N.J. at 107, 592 A.2d at 1171.

Prerogative writs are special causes of action that are akin to an appeal.  It is typically a non-jury trial, In re Beuhrer, 50 N.J. 501, 518, n.7, 236 A.2d 592, 601, n.7 (1967), and is typically limited to the record before the agency. AMG Assocs. v. Springfield, 65 N.J. 101, 109 n.3, 319 A.2d 705, 709, n.3 (1974). "In light of the state legislative mandate and the prioritization given to such applications by the Superior Court, the federal courts should be reluctant to intrude." This Albanian Associated Fund v. Twp. of Wayne, Civil Action No. 06-cv-3217(PGS), 2007 U.S. Dist. LEXIS 87666, at *10 (D.N.J. Nov. 29, 2007). By contrast, Federal Courts have

# MALEY GIVENS
### A PROFESSIONAL CORPORATION

been admonished from acting as "'zoning board of appeals.'" <u>UA Theatre Circuit v. Twp. of Warrington</u>, 316 F.3d 392, 402 (3d Cir. 2003).

Since State Courts are better equipped to hear and decide land use matters, in fairness to the parties, Plaintiffs respectfully requests the opportunity to remand Counts 5 to 9, Count 11 and Counts 13 to 20 back to State Court to be addressed. Since resolution of those claims could moot Plaintiffs' Federal Court claims, a remand would also preserve judicial resources. Counts 1, 2, 3, 4, and 12 could be stayed until resolution of the State Court claims. Even though Plaintiffs believe that Count 10 sets forth a valid claim that Ordinance 25-2026 facially unconstitutional because it specifically states that existing redevelopment agreements do not vest any rights to data center uses, Plaintiffs will dismiss Count 10 without prejudice because Plaintiffs do not have a redevelopment agreement.

Very truly yours,

**MALEY GIVENS, P.C.**
A Professional Corporation

By:_____
M. James Maley, Jr.

**MALEY GIVENS, P.C.**
A Professional Corporation

By:_____
Erin E. Simone

MJM/ees