# MALEY GIVENS

A PROFESSIONAL CORPORATION
*Counsellors at Law*
1150 Haddon Avenue
Suite 210
Collingswood, New Jersey 08108

M. James Maley Jr.*
Emily K. Givens
Erin E. Simone
M. Michael Maley*
Nicholas M. Ranieri*
Nathan Milholin*

*Admitted in PA & NJ

P  856.854.1515
F  856.858.2944

August 4, 2026

**(VIA ECF)**
Honorable Edward S. Kiel, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

> **Re:    Hexa Builders, LLC, et al, v. Mayor and Township Council of the Township of Monroe, et al, Civil Action No.: 26-cv-08284-ESK-EAP Opposition to Request for Leave to Move under Rule 12(b)(6)**

Dear Judge Kiel,

Pursuant to the Court's Judicial Preferences, Plaintiffs hereby oppose Defendants' request to move to dismiss the Complaint. Plaintiffs set forth sufficient factual and legal allegations to satisfy the requirements of Fed. R. Civ. P. 8(a)(2) and Defendants' request should be denied. Even if the Complaint is inadequate Plaintiffs should be permitted to amend the Complaint pursuant to Fed. R. Civ. P. 15.

A pleading shall survive a Motion to Dismiss if it contains a "'short and plain statement of the claim…'" Stern & Eisenberg v. Sentinel Ins. Co., 534 F. Supp. 3d 357, 360 (D.N.J. 2021). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). Facial plausibility exists if the complaint contains sufficient facts to permit a court to reasonably infer a defendant's liability. Ibid.

**Equal Protection.** Although the Complaint raises three (3) separate equal protection claims, Defendants assert that the equal protection claims fail simply because

**MALEY GIVENS**
A PROFESSIONAL CORPORATION

August 4, 2026
Page 2 of 3

it can identify some differences between data centers and other uses. Under the Equal Protection clause, "'all persons similarly situated should be treated alike.'" Congregation Kol Ami v. Abington Twp., 309 F.3d 120, 133 (3d Cir. 2002). "'[S]imilarly situated' does not mean 'identically situated.'" Harvard v. Cesnalis, 973 F.3d 190, 205 (3d Cir. 2020). Persons are considered "similarly situated" if "'they are alike "in all relevant aspects."'" Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 273 (3d Cir. 2014). In the land use context, similarly situated will require consideration of whether the entities "have the same impact." Congregation Kol Ami v. Abington Twp., 309 F.3d 120, 130 (3d Cir. 2002).

The Complaint alleges the fact that the Township's professional testified that data centers had a similar impact to warehouse use. (Complaint ¶82). In addition, the Complaint alleges that the Township's decisions were based solely on animus. (Complaint, ¶34, ¶35, ¶163 & ¶541). Because a total ban as opposed to reasonable regulations was wholly arbitrary, this alone is sufficient to state a claim for equal protection violation. Willowbrook v. Olech, 528 U.S. 562, 565, 120 S. Ct. 1073, 1075 (2000). Additionally, Plaintiffs allege facts that show Plaintiff was treated differently than similarly situated land use applicants. (Complaint ¶53-¶59). Plaintiffs have sufficiently pled a claim for equal protection violations.

**First Amendment.** Defendants assert that Plaintiffs did not assert a proper First Amendment claim because the ordinances do "not regulate the content of speech, a speaker, a message, or Plaintiffs' ability to engage in expressive activity." This is simply not true. Plaintiffs allege that the ability to engage in expressive activity, namely generative AI, and the sending, storing and retrieving of electronic communications, is impacted by the data center ban. (Complaint, ¶194-¶201). It also asserted that mere data collection is commercial speech. (Complaint, ¶202). Paragraphs 207 to 209 alleges facts showing the importance of data centers in the creation and use of generative AI. First Amendment concerns are raised when a law "'"foreclose[s] an entire medium of expression."'" TikTok Inc. v. Garland, 604 U.S. 56, 69 (2025).

Bans on computers and the internet are considered to impact First Amendment concerns even though neither the computer nor the internet are speech or expression. United States v. Holena, 906 F.3d 288, 291 (3d Cir. 2018). They are a means to facilitate speech and expression. Likewise, data centers are a means to facilitate speech and expression, including digital communication and generative AI. Thus, Plaintiffs have sufficiently pled a First Amendment claim.



A PROFESSIONAL CORPORATION

August 4, 2026
Page 3 of 3

**Substantive Due Process.** Defendants seek to file a Motion to Dismiss to dismiss Substantive Due Process claims. Count Twelve does not allege Substantive Due Process. It alleges a Section 1983 claim for violation of Equal Protection (¶347) and violation of the First Amendment (¶348) rights.

**Contract Clause.** Even though Plaintiffs believe that Count 10 sets forth a valid claim that Ordinance 25-2026 is facially unconstitutional because it specifically states that existing redevelopment agreements do not vest any rights to data center uses, Plaintiffs will dismiss Count 10 without prejudice because Plaintiffs do not have a redevelopment agreement.

**Certificate of Filing/Completeness.**   Contrary to Defendants' assertion, the Complaint alleges that there was a Certificate of Filing (¶503) and that Plaintiffs were entitled to rely upon the documents previously submitted (¶313). It also asserts that the Planning Board failed to consider any submission waivers in violation of N.J.S.A. 40:55D-10.3. (¶312).

**State Law Claims.** A Motion to Dismiss the State Law claims is inappropriate because the State Court claims are only in front of this Court due to Supplemental Jurisdiction under 28 U.S.C. §1367(a). Any Motion to Dismiss must be limited to the Federal claims, and if those claims are ultimately dismissed, the Court should decline Supplemental Jurisdiction of the State claims pursuant to 28 U.S.C. §1367(b)(3), and remand those claims back to State Court to determine their sufficiency. Moreover, substantively, Vickers v. Township Committee of Gloucester Township, 37 N.J. 232, 247-49 (1962), was overruled by statute when the Municipal Land Use, N.J.S.A. 40:55D-1 et seq. was adopted in 1975. (P.L. 1975, c. 291). In addition, the Complaint does allege facts showing a tactical advantage in violation of the Square Corners Doctrine. (Complaint, ¶34 & ¶35).

Very truly yours,

**MALEY GIVENS, P.C.**
A Professional Corporation

By:_____
M. James Maley, Jr.
Erin E. Simone