**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| HEXA BUILDERS, LLC and 3043 WILLIAMSTOWN URBAN RENEWAL, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MAYOR AND TOWNSHIP COUNCIL OF THE TOWNSHIP OF MONROE and PLANNING BOARD OF THE TOWNSHIP OF MONROE,<br><br>Defendants. | Civil Action No. 1:26-cv-08284 (ESK) (EAP)<br><br>Related Civil Action No. 1:26-cv-13447 |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE**

**Motion Day: December 7, 2026**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........ 3
RELEVANT FACTS AND PROCEDURAL HISTORY ........ 4
LEGAL STANDARD ........ 6
ARGUMENT ........ 8
I. THE ACTIONS SHARE SUBSTANTIAL QUESTIONS OF LAW AND FACT. ........ 8
II. CONSOLIDATION WILL REDUCE DUPLICATIVE PROCEEDINGS AND PROMOTE CONSISTENT CASE MANAGEMENT. ........ 9
III. THE BENEFITS OUTWEIGH THE LIMITED RISK OF PREJUDICE OR DELAY ........ 10
IV. THE PENDING MOTION TO DISMISS SHOULD REMAIN CASE-SPECIFIC. ........ 11
V. ALTERNATIVELY, COORDINATED PRETRIAL PROCEEDINGS ARE APPROPRIATE. ........ 12
CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**Cases**

*Bernardi v. City of Scranton*, 101 F.R.D. 411 (M.D. Pa. 1983) ........ 7
*Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC*, No. 13-2289, 2014 WL 4955259 (M.D. Pa. Sept. 30, 2014) ........ 7-8
*Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir. 1964) ........ 6
*Gambino v. Warden, FCI Schuylkill*, No. 19-0249, 2019 WL 2005627 (M.D. Pa. May 7, 2019) ........ 7
*Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F. Supp. 1185 (E.D. Pa. 1992), on reconsideration in part, 823 F. Supp. 1188 (E.D. Pa. 1993) ........ 7
*Hall v. Hall*, 584 U.S. 59 (2018) ........ 8, 11-12
*In re Consol. Parlodel Litig.*, 182 F.R.D. 441 (D.N.J. 1998) ........ 6, 9
*In re Radian Sec. Litig.*, 612 F. Supp. 2d 594 (E.D. Pa. 2009) ........ 6
*Kenworthy v. Hargrove*, 826 F. Supp. 138 (E.D. Pa. 1993), aff'd, 855 F. Supp. 101 (E.D. Pa. 1994) ........ 7
*Mincy v. Chimielewski*, No. 1:05-cv-0292, 2006 WL 1997457 (M.D. Pa. July 17, 2006) ........ 7
*Russell v. United States*, No. 1:12-CV-0407, 2012 WL 2792239 (M.D. Pa. July 9, 2012) ........ 6-7
*Seidman v. Am. Mobile Sys., Inc.*, 157 F.R.D. 354 (E.D. Pa. 1994) ........ 6
*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759 (D. Del. 1991) ........ 7

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 1 ........ 10
Fed. R. Civ. P. 42(a) ........ 3, 6, 9-10, 12-13
Fed. R. Civ. P. 81(c)(2) ........ 12

**Local Civil Rules**

D.N.J. L. Civ. R. 42.1 ........ 8

## PRELIMINARY STATEMENT

Defendants Mayor and Township Council of the Township of Monroe and Planning Board of the Township of Monroe respectfully move to consolidate two related federal actions arising from the same proposed land development at 3043 Black Horse Pike, Williamstown, New Jersey (the "Property"). In both actions, Plaintiffs Hexa Builders, LLC and 3043 Williamstown Urban Renewal, LLC challenge municipal land-use decisions affecting that proposed development. The First Action, Civil Action No. 1:26-cv-08284, concerns the Township's treatment of data centers, amendments to its redevelopment plan, and related land-use and application matters. The Second Action, Civil Action No. 1:26-cv-13447, challenges later ordinances imposing requirements on large-scale commercial or industrial facilities, including Ordinances O:27-2026, O:31-2026, and O:32-2026.

The actions are not entirely identical, mainly as the First Action also names the Planning Board, and each complaint challenges distinct municipal measures. However, ***Rule*** **42(a) requires common questions of law or fact, not complete identity. Both actions arise from the same Property, the same proposed development and municipal regulatory context, overlapping municipal actors and records, and federal constitutional challenges to the Township's land-use measures.** A coordinated proceeding will avoid repetitive discovery and potentially inconsistent procedural rulings while preserving each action's

substantive and procedural identity. If the Court concludes that full consolidation would be premature, Defendants alternatively seek coordinated discovery and pretrial management.

## <u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>

Plaintiffs commenced the First Action on June 5, 2026, in the Superior Court of New Jersey, Law Division, Gloucester County, under Docket No. GLO-L-000805-26. The Complaint identifies the Property as 3043 Black Horse Pike, also known as Block 8401, Lots 8, 9, and 10, and challenges Township decisions concerning data-center use, a redevelopment-plan amendment, an ordinance restricting data centers, and an application-completeness determination. The pleading includes allegations under the Equal Protection Clause, the First Amendment, 42 U.S.C. § 1983, and New Jersey law. *See* First Action, ECF No. 1-2 (state-court Complaint), *See* Exhibit A.

The First Action was removed to this Court on July 6, 2026, and assigned Civil Action No. 1:26-cv-08284. On September 1, 2026, Defendants filed a motion to dismiss at ECF No. 8. At this time, the moving parties do not seek a ruling on that motion through the present application, nor do they seek to expand that motion to any claims asserted solely in the Second Action. The status of the motion at the time the Court rules on consolidation is governed by the docket and any subsequent case-specific order.

Plaintiffs commenced the Second Action in the Superior Court of New Jersey, Law Division, Gloucester County, under Docket No. GLO-L-001272-26, on September 8, 2026. The operative amended complaint was filed on October 13, 2026. It identifies the same Property and challenges Ordinance O:27-2026, addressing a large-scale structure setback, as well as Ordinances O:31-2026 and O:32-2026, addressing large-scale commercial or industrial facilities and related performance, development, and conditional-use requirements. The Second Action asserts both state-law land-use challenges and federal due-process and equal-protection theories, including a claim under 42 U.S.C. § 1983. *See* Second Action, ECF No. 1-2 (amended state-court Complaint, submitted with removal), *See* Exhibit B.

Defendants removed the Second Action on October 15, 2026, identifying the First Action as related. The Second Action received Civil Action No. 1:26-cv-13447. Both proceedings name the same two Plaintiffs and the Mayor and Township Council as a defendant; the First Action additionally names the Planning Board. The summary chronology and comparison of the pleadings accompanying the certification of counsel identify the points of commonality and the differences without purporting to replace the filed pleadings.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) permits the Court, when actions involve a common question of law or fact, to join any or all matters for hearing or trial, consolidate the actions, or enter other orders designed to avoid unnecessary cost or delay. The common-question requirement is a threshold showing. The decision whether, and to what extent, to consolidate lies within the Court's discretion, informed by the balance between judicial economy and the risk of confusion, prejudice, expense, or delay. To facilitate the administration of justice, district courts are afforded broad power to consolidate actions, whether on motion of a party or *sua sponte*. *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).

"[A] threshold requirement for consolidation is whether there exists a common question of law or fact." *Russell v. United States*, No. 1:12-CV-0407, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) (citing *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998)). Consolidation is often appropriate in cases involving the same plaintiff, the same defendant(s), and/or identical or similar claims arising out of the same incident or a common set of facts. *See, e.g., In re Radian Sec. Litig.*, 612 F. Supp. 2d 594, 597 n.1 (E.D. Pa. 2009) (noting consolidation of two separate cases against the same defendants); *Seidman v. Am. Mobile Sys., Inc.*, 157 F.R.D. 354, 359 (E.D. Pa. 1994) (explaining that the court

had consolidated two related cases, filed by the same plaintiff against different defendants, "to keep all defendants on the same litigation track"); *Kenworthy v. Hargrove*, 826 F. Supp. 138, 139 n.1 (E.D. Pa. 1993) (noting the consolidation of two section 1983 cases arising out of the same incident), aff'd, 855 F. Supp. 101 (E.D. Pa. 1994); *Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F. Supp. 1185, 1186 (E.D. Pa. 1992), on reconsideration in part, 823 F. Supp. 1188 (E.D. Pa. 1993) (noting that court had consolidated several cases involving different claims arising out of the same set of facts into one lead case). The decision to consolidate cases with common issues of fact or law is within the discretion of the court so long as "consolidation would facilitate the administration of justice." *See Russell*, 2012 WL 2792239, at *2 (quoting *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991)); *see also Gambino v. Warden, FCISchuylkill*, No. 19-0249, 2019 WL 2005627, at *1 (M.D. Pa. May 7, 2019). "[T]he court must balance the saving of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Gambino*, 2019 WL 2005627, at *1; *see also Mincy v. Chimielewski*, No. 1:05-cv-0292, 2006 WL 1997457, at *2 (M.D. Pa. July 17, 2006) (citing *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983)); *Russell*, 2012 WL 2792239, at *2; *Demchak Partners Ltd. P'ship v.*

*Chesapeake Appalachia, LLC.*, No. 13-2289, 2014 WL 4955259, at *10 (M.D. Pa. Sept. 30, 2014).

Although consolidation may permit joint administration, separately filed actions ordinarily retain their distinct identities and do not automatically merge into a single cause of action. *Hall v. Hall*, 584 U.S. 59, 70–77 (2018). Local Civil *Rule* 42.1 requires a consolidation motion to be filed in the action bearing the earliest docket number and adjudicated by that action's assigned judge; it also mandates service on the parties in each affected action and submission of a copy of the accompanying cover letter for docketing in the other action. These requirements direct the present motion to Civil Action No. 1:26-cv-08284 before Judge Kiel.

## ARGUMENT

### I. THE ACTIONS SHARE SUBSTANTIAL QUESTIONS OF LAW AND FACT.

The common nucleus is specific, not merely thematic. Both pleadings arise from one development proposal for the same Property in Monroe Township. Both contest land-use measures affecting the ability to develop that Property and ask the Court to examine the Township's exercise of its zoning and regulatory authority. The First Action concerns data-center restrictions, a redevelopment-plan amendment, and the application process. The Second Action concerns Ordinances

O:27-2026, O:31-2026, and O:32-2026, including requirements and setbacks allegedly affecting the same development. The Second Action's amended complaint expressly identifies the Property and asserts a federal equal-protection claim; the First Action likewise asserts equal-protection claims concerning municipal land-use decisions. The pleadings thus present overlapping evidence concerning the proposed use, the Township's regulatory treatment of the Property, and legislative and administrative history.

Discovery is likely to implicate many of the same Township officials, land-use records, site materials, correspondence, ordinance-development records, and witnesses. The claims are not interchangeable, and Defendants do not suggest that the substantive standards for each ordinance must be identical. Rather, the shared factual context and witnesses support joint management even while case-specific legal issues remain separately briefed and determined. Rule 42(a) does not require that the litigants or causes of action be precisely coextensive. *See In re Consol. Parlodel Litig.*, 182 F.R.D. at 444 (common questions permit, but do not compel, consolidation).

## II. CONSOLIDATION WILL REDUCE DUPLICATIVE PROCEEDINGS AND PROMOTE CONSISTENT CASE MANAGEMENT.

Absent coordination, the same parties could be required to produce overlapping municipal records in separate discovery schedules, litigate duplicate

confidentiality or privilege disputes, and schedule municipal witnesses and other common witnesses for repetitive examinations. A common discovery structure would permit the parties to identify materials relevant to both cases, coordinate depositions and document production, and present related discovery disputes to one judicial officer. This would conserve the resources of the litigants and the Court and advance the purposes of *Rules* 1 and 42(a).

Consolidation would also permit a single case-management conference to address how the cases should proceed given their different procedural postures, without presuming that every claim or motion must be resolved jointly. Any case-specific briefing, motion, pleading amendment, or dispositive determination can remain separately identified on the docket. Coordination is especially apt because no cross-district transfer is required and both actions are pending within the same federal district.

## III. THE BENEFITS OUTWEIGH THE LIMITED RISK OF PREJUDICE OR DELAY.

The presence of different ordinances and the Planning Board as an additional defendant in the First Action does not defeat consolidation. Each complaint can remain operative in its own action, the parties may retain distinct defenses, and the Court may direct separate issue-specific motion practice. Such safeguards limit the possibility of conflating different municipal acts, litigation positions, or factual

questions. The Court may also limit consolidated treatment to specific stages if broader consolidation ultimately proves inappropriate.

Nor does the First Action's more advanced motion practice require denial of coordination. Defendants do not request that the Second Action be subsumed within the existing motion to dismiss, that any claim be deemed answered, or that either matter be stayed or its deadlines extended by operation of consolidation. Rather, Defendants request that the existing motion to dismiss remain pending in the First Action on its present record, while preserving their ability, subject to applicable procedural requirements and deadlines, to seek leave to file a separate motion to dismiss in the Second Action following consolidation. The Court can preserve the First Action's present motion and the Second Action's separate obligations through an express order. *See Hall*, 584 U.S. at 70–77.

## IV. THE PENDING MOTION TO DISMISS SHOULD REMAIN CASE-SPECIFIC.

Defendants request that the Court expressly preserve the First Action's September 1, 2026 motion to dismiss, ECF No. 8, which should remain pending for determination on its existing record, subject to any independent direction from the Court. Consolidation should not expand the scope of that motion or cause it to be deemed directed to the operative Amended Complaint in the Second Action. In the event consolidation is granted, Defendants further request that the Court

expressly preserve their ability to seek leave, in accordance with the Court's applicable pre-motion procedures and the Federal Rules of Civil Procedure, to file a separate motion to dismiss the operative Amended Complaint in the Second Action. Such a motion would be independently briefed and adjudicated, and nothing in the present application should be construed as a request for leave to file that motion or as a determination of its merits. Likewise, nothing in a consolidation order should automatically alter a *Rule* 81(c)(2) responsive-pleading deadline, a briefing schedule, or any other case-specific obligation, absent further Order of the Court. These limitations implement the principle that consolidation is a case-management tool, not a merger of the underlying lawsuits. *See Hall*, 584 U.S. at 70–77.

## V. ALTERNATIVELY, COORDINATED PRETRIAL PROCEEDINGS ARE APPROPRIATE.

If the Court concludes that full consolidation, particularly for trial, is premature, *Rule* 42(a)(1) and (3) authorizes narrower relief. Defendants alternatively request coordinated discovery, a unified case-management conference, joint handling of overlapping discovery disputes, and consistent scheduling instructions for issues common to the two actions, while maintaining separate case numbers and preserving case-specific pleadings and dispositive motions. The Court could reassess broader consolidation after resolution of

pending motion practice. Such relief would capture the principal efficiencies without requiring any premature determination concerning the merits or final trial structure.

## CONCLUSION

Defendants respectfully request that Civil Action Nos. 1:26-cv-08284 and 1:26-cv-13447 be consolidated under *Rule* 42(a), that Civil Action No. 1:26-cv-08284 be designated the lead action, and that the Order preserve the separate pleadings, claims, defenses, and procedural rights of each action. Defendants further request that the Court expressly preserve the pending motion to dismiss at ECF No. 8 in the First Action for determination on its existing record, without prejudice to Defendants' ability to seek leave to file a separate motion to dismiss the operative Amended Complaint in the Second Action, subject to the Court's applicable pre-motion procedures and the Federal Rules of Civil Procedure. Consolidation should not automatically modify or extend any existing deadlines. Alternatively, Defendants request coordinated pretrial management and discovery, together with such additional directions as the Court deems appropriate.

Respectfully submitted,

**FLORIO PERRUCCI STEINHARDT CAPPELLI & TIPTON, LLC**



Sandra A. Graise, Esquire
Attorneys for Defendants

Dated: November 4, 2026